UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 13-01052-CJC(JPRx)				Date:  September 5, 2013

Title: <u>NICOLE MARIE HARRISON V. COCA COLA BOTTLING COMPANY OF ORANGE</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

| <u>Michelle Urie</u> | <u>     N/A     </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present					None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction and Background**

     Plaintiff Nicole Marie Harrison filed this employment action in Orange County Superior Court on May 6, 2013.  Plaintiff brings twelve claims against Defendant Coca Cola Bottling Company of Orange ("Coca Cola"): (1) violation of California Labor Code section 198 for failure to compensate for all hours worked; (2) violation of Labor Code sections 510, 1194, 1194.2 for failure pay overtime compensation; (3) violation of Labor Code sections 226.7 and 512 for failure to provide meal and rest periods; (4) violation of Labor Code sections 226 and 226.3 for failure to furnish wage and hour statements; (5) violation of Labor Code sections 201–203 for waiting time penalties; (6) conversion under California Civil Code section 3336; (7) unfair competition under California Business and Professions Code section 17200, et seq.; (8) violation of California Government Code section 112940, et seq. for disability discrimination and retaliation; (9) violation of Government Code section 12940, et seq. for failure to accommodate disability or perceived disability and engage in an interactive process; (10) violation of Government Code section 12940(K) for failure to prevent discrimination; (11) wrongful termination in violation of California public policy; and violation of Labor Code section 2802 for failure to reimburse employee expenses.  (Dkt. No. 1 [Not. of Removal] Exh. A [Compl.].)
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 13-01052-CJC(JPRx) | Date: September 5, 2013 |
| | Page 2 |

Coca Cola removed the action to this Court on July 16, 2013 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Not. of Removal.) On August 12, 2013, the Court issued an Order to Show Cause ("OSC") why this case should not be remanded for lack of subject matter jurisdiction. Having considered Coca Cola's opposition, (Dkt. No. 13 ["Def. Opposition"]), the Court concludes it lacks jurisdiction and **REMANDS** this action to Orange County Superior Court.[1]

**Discussion**

A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). Federal courts have original jurisdiction of civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332. In a diversity case where the amount in controversy is in doubt, the defendant attempting to remove must show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001). In such circumstances, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–290 (1938); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In its OSC, the Court expressed doubt as to whether the amount-in-controversy requirement has been met. Coca Cola's Notice of Removal asserts that combined, Ms. Harrison's first, second, fifth, and twelfth causes of action could entitle her to approximately $40,337.69. (Not. of Removal ¶¶ 14–17, 20.) Coca Cola supports its calculation with a sworn declaration. (Dkt. No. 7). To reach the $75,000 jurisdictional minimum, Coca Cola additionally asserts that it is facially clear from Ms. Harrison's Complaint that she has pleaded at least $25,001.00 for emotional distress, and another $25,001.00 for punitive damages. (*Id.* ¶¶ 18–19). No evidence has been provided to support this assertion.

---

[1] Ms. Harrison did not file response to Coca Cola's opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01052-CJC(JPRx)            Date: September 5, 2013
           Page 3

---

       Coca Cola's sole argument supporting its position that Ms. Harrison has pleaded a combined $50,002.00 for emotional distress and punitive damages is that such a conclusion is facially apparent from the Complaint. Ms. Harrison's Complaint claims "general damages for mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court." (Compl. ¶ 18). It similarly requests "punitive damages . . . in sums in excess of the jurisdictional minimum of this court." (Compl. ¶ 19.) Coca Cola assumes that because Ms. Harrison originally filed her complaint as an "Unlimited Civil Case," which requires an amount in controversy greater than $25,000, *see* Cal. Code Civ. P. §§ 85, 88, it necessarily follows that she must be seeking more than $25,000 for both emotional distress and punitive damages. (Def. Opposition 1–2.)

       Such an assumption is misplaced. The $25,000 minimum amount in controversy required in Unlimited Civil Cases speaks to a plaintiff's entire action, not each individual claim. Cal. Code Civ. P. §§ 85, 88. Therefore, the fact that the action was filed as an "Unlimited Civil Case" does not necessarily mean that Ms. Harrison is seeking an amount greater than $25,001.00 in emotional distress and punitive damages individually. Instead, it is entirely reasonable to understand her Complaint to be seeking an amount greater than $25,001.00 for these claims in combination with all of her other claims. Especially given the "strong presumption" against inferring that a plaintiff claimed a large amount in order to confer jurisdiction on a federal court, the latter reading is more appropriate.[2] *See St. Paul Mercury Indem. Co.*, 303 U.S. at 288–290.

       In either its Notice of Removal or its opposition to the Court's OSC, Coca Cola has not provided any further support for its argument that Ms. Harrison's emotional distress and punitive damage claims add $50.002.00 to her total amount in controversy. It has additionally not attempted to demonstrate that Ms. Harrison's other claims or entitlement to attorney's fees would increase her award above the jurisdictional minimum. Given that Coca Cola has only otherwise demonstrated that there is at least

---

[2] Coca Cola's invocation of the proposition that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," is misguided. (Def. Opposition 2, citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288–89.) A minimum requirement of such good faith reliance on a plaintiff's claims is that the complaint itself asserts an amount in controversy. *See, e.g.*, *Gaus*, 980 F.2d at 566–67 ("If it is *unclear* what amount of damages the plaintiff has sought . . . the defendant bears the burden of actually proving the facts to support jurisdiction."). Here Ms. Harrison has not actually claimed any amount of damages, so no good faith reliance is possible. (*see generally*, Compl.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01052-CJC(JPRx)            Date: September 5, 2013
                                                                                                           Page 4

$40,337.69 in controversy, the Court finds that Coca Cola has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, the Court cannot exercise diversity jurisdiction in this matter.

**Conclusion**

       For the foregoing reasons, this case is **REMANDED** to Orange County Superior Court.

rrd

MINUTES FORM 11
CIVIL-GEN                                                                                Initials of Deputy Clerk MU